IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. MIDYETTE and ERICA G. FRYMARK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:18-CV-624-WKW [WO] |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Michael Midyette and Erica Frymark filed this lawsuit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (FTCA).  The United States moves to dismiss for lack of subject-matter jurisdiction. That motion is due to be granted in part and denied in part.  Because Midyette did not present a claim for a "sum certain" to the appropriate federal agency, the court has no jurisdiction over his lawsuit.  But given the little evidence that the court has at this point, discovery is warranted before the court finds whether it has jurisdiction over Frymark's claim.

### I.  JURISDICTION AND VENUE

The court has jurisdiction to the extent provided by the FTCA.  *See* 28 U.S.C. §§ 1331, 1346(b)(1).  The parties do not contest personal jurisdiction or venue.

## II.  STANDARD OF REVIEW

A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) can be either a facial attack or a factual attack. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002). "If the 12(b)(1) motion represents a facial attack on jurisdiction — that is, the facts as stated supposedly do not provide cause for federal jurisdiction — then the facts alleged by the plaintiff are given the same presumption of truthfulness as they would receive under a 12(b)(6) motion." *Id.* Discovery is not required. *McElmurray v. Consol. Gov't of Augusta–Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

"If, however, the 12(b)(1) motion raises a factual attack on jurisdiction — the very facts providing cause for jurisdiction are themselves challenged — then no such presumption exists and the district court is allowed to consider the facts as it sees fit." *Barnett*, 283 F.3d at 1237–38. The court "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. May 1981). But the court "must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss." *Id.* at 414; *see id.* ("Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence.").

2

### III.  FACTS

On January 29, 2015, Michael Midyette was driving on Highway 231 through Midland City, Alabama.  Erica Frymark was in the passenger seat.  At the same time, Christopher Arkuszeski was driving a government truck, allegedly within the course and scope of his employment for the "U.S. Air National Guard."[1]  When Arkuszeski tried to merge onto the highway, he purportedly struck Midyette's car, injuring both Midyette and Frymark.  (Doc. # 1, at 4–6.)

Almost two years later, in December 2016, Midyette and Frymark each mailed a "Standard Form 95" (SF-95) by certified mail to "Office of the JAG, 5107 Selma Highway, Montgomery, AL 36108."  (Doc. # 1, at 2; Doc. # 16-1, at 1; Doc. # 16-2, at 1.)  An SF-95 is an administrative claims form that is used to present a claim for damages to a federal agency.  28 C.F.R. § 14.2(a).  But there is no National Guard facility at 5107 Selma Highway.  The Alabama Air National Guard's 187th Fighter Wing does have a facility on Dannelly Field, but it is at 5187 Selma Highway.  "The 187th Fighter Wing does not have a full-time JAG office."  (Doc. # 12-2, at 2.)  The Office of the Staff Judge Advocate for the Alabama National Guard is at 1720 Congressman W.L. Dickinson Drive, Montgomery, AL 36109.  (Doc. # 12-2, at 2.)

Though Midyette and Frymark mailed their SF-95s to the wrong address, the U.S. Postal Service somehow delivered the forms, and Midyette and Frymark got

---

[1]  The court assumes this is a reference to the Air National Guard of the United States.

return receipts.  (Doc. # 16-1, at 1; Doc. # 16-2, at 1.)  Frymark's SF-95 was signed for on January 4, 2017.  (Doc. # 16-1, at 1.)  The United States admits there is evidence that the forms were delivered "to the Dannelly Field Alabama Air National Guard Base located at 5187 Selma Highway."  (Doc. # 20, at 2.)  Yet the Air Force has no record of Midyette and Frymark's SF-95s in its computer databases.  Nor has it found a physical copy of Midyette and Frymark's SF-95s.  (Doc. # 12-1, at 2–3.)  It should therefore come as no surprise that the Air Force did not respond to Midyette and Frymark's SF-95s.  (Doc. # 1, at 3.)

In July 2018 — eighteen months after mailing their SF-95s — Midyette and Frymark sued the United States for negligence under the FTCA.  (Doc. # 1, at 5–6.)  The United States moved to dismiss under Rule 12(b)(1).  (Docs. # 11, 12.)  Midyette and Frymark responded (Docs. # 15, 16), and the United States replied (Doc. # 20).

## IV.  DISCUSSION

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued."  *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015).  "Through the enactment of the FTCA, the federal government has, as a general matter, waived its immunity from tort suits based on state law tort claims."  *Id.*  "But in offering its consent to be sued, the United States has the power to condition a waiver of its immunity as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose."  *Id.* at 1321–22.  Thus, the court

4

"must strictly observe the 'limitations and conditions upon which the Government consents to be sued' and cannot imply exceptions not present within the terms of the waiver." *Id.* at 1322 (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)).

One condition in the FTCA is that a "claim" must be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *see id.* § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ."). Because of that rule, the court lacks jurisdiction over Midyette's action against the United States. But it is unclear whether Frymark properly presented her claim to the Air Force. Discovery is needed before the court finds whether to dismiss her claim.

**A.**    **Midyette did not properly present a "claim" because he did not demand a "sum certain."**

Presenting a "claim" to a federal agency is a prerequisite to suing the United States under the FTCA. 28 U.S.C. §§ 2401(b), 2675(a). The term "claim," as it is used in the FTCA, means a "claim for a sum certain." *Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975) (citation omitted); *see* 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages *in a sum certain*.") (emphasis added); 32 C.F.R. § 842.2(c) (defining "claim" as a "signed written demand made

5

on . . . the Air Force for the payment of a *sum certain*") (emphasis added).

This "sum certain" requirement is jurisdictional. *Molinar*, 515 F.2d at 249. "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and [it] leaves the district court without jurisdiction to hear the case." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) (per curiam). To be sure, courts have been "somewhat lenient" in defining what constitutes a "sum certain." *Tidd v. United States*, 786 F.2d 1565, 1567 n.6 (11th Cir. 1986). But "the FTCA requires, at a minimum, that a claimant expressly claim a sum certain or provide documentation which will allow the agency to calculate or estimate the damages to the claimant." *Suarez*, 22 F.3d at 1066.

And as the Eleventh Circuit held in *Dalrymple v. United States*, "*each* claim and *each* claimant" must satisfy the sum certain requirement. 460 F.3d 1318, 1325 (11th Cir. 2006). In *Dalrymple*, federal agents allegedly used excessive force against a crowd. *Id.* at 1322. Ninety-seven plaintiffs submitted claims for $250,000 apiece, but six plaintiffs listed no particular amount on their SF-95s. *Id.* at 1322, 1325. The court held that it lacked jurisdiction over the claims filed by those six plaintiffs. *Id.* at 1325; *see also Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1202 (11th Cir. 2008) (dismissing actions filed by plaintiffs who did not demand a sum certain).

Frymark's SF-95 satisfies the sum-certain requirement because she demanded $40,000. (Doc. # 16-1, at 2.) But Midyette's form is deficient. He reported that his

property damage was "Total Loss," that his personal injury damages were "unknown @ this time," and that the total amount of his claim was "unknown."[2]  (Doc. # 16-2, at 2.)  There is no evidence that Midyette attached documents to his SF-95 that might have allowed the government to estimate his damages, *see Suarez*, 22 F.3d at 1066, and Frymark's claim cannot save Midyette's, *see Dalrymple*, 460 F.3d at 1325.  As a result, Midyette failed to satisfy a jurisdictional requirement for suing the United States under the FTCA.  *See id.* at 1326.

## B.    The court cannot yet determine if it has subject-matter jurisdiction over Frymark's claim.

Returning again to the statutory condition, a tort claim must be "presented" in writing "to the appropriate Federal agency."  28 U.S.C. §§ 2401(b), 2675(a).  A claim is "presented" when the appropriate agency "receives" the claim.  28 C.F.R. § 14.2(a); *see Barnett*, 283 F.3d at 1239–40.  The claim must be presented to the "appropriate" agency, meaning "the actual federal agency responsible for handling the claim."  *Motta ex rel. Motta v. United States*, 717 F.3d 840, 843 (11th Cir. 2013); *see* 28 C.F.R. § 14.2(b)(1) ("A claim shall be presented to the Federal agency whose activities gave rise to the claim.").  And the claim must be presented to a *federal* agency, not a state agency, even if a state agency participated in the tort.  *See Hejl v.*

---

[2]  Midyette had fair warning that this was inadequate.  The SF-95 instructs claimants to list their damages "in dollars."  "Failure to specify" a total, the form also says, "may cause forfeiture of [the claimant's] rights."  (Doc. # 16-2, at 2.)

*United States*, 449 F.2d 124, 126 (5th Cir. 1971).

The parties seem to agree that the Air Force is the appropriate federal agency. They disagree about whether Frymark properly presented her claim to the Air Force. The United States argues that Frymark mailed her claim to a state agency, not a federal agency. It also argues that Dannelly Field is too far away from Midland City. And finally, it has evidence that the Air Force cannot find Frymark's claim. Those arguments, however, are not enough to dismiss Frymark's complaint at this time.

First, the United States is wrong when it asserts that Dannelly Field is a purely state installation. (*See* Doc. # 20, at 2.) The FTCA defines "Federal agency" to include "the military departments." 28 U.S.C. § 2671. The Air Force, including its reserve components, is a military department. 10 U.S.C. § 101(a)(6), (8). One of its reserve components is the Air National Guard of the United States. *Id.* §§ 101(c)(5), 10101(5). The Air National Guard of the United States is a federal organization that consists of "federally recognized units and organizations of the Air National Guard," *id.* § 10111(1), including all federally recognized units of the Alabama Air National Guard, *see id.* § 101(c)(4)–(5). The 187th Fighter Wing is, presumably, a federally recognized unit of the Alabama Air National Guard. That means airmen at Dannelly Field are simultaneously enlisted in the Alabama Air National Guard and the Air National Guard of the United States. *Cf. Perpich v. Dep't of Def.*, 496 U.S. 334, 345 (1990) ("Since 1933 all persons who have enlisted in a State National Guard unit

have simultaneously enlisted in the National Guard of the United States.").  Thus, an SF-95 that is delivered to Dannelly Field is delivered to federal personnel, even if the State of Alabama owns the land and the buildings.

The United States is correct that the Alabama Air National Guard "is a state agency, under state authority and control."  *Best v. Adjutant Gen.*, 400 F.3d 889, 891 (11th Cir. 2005) (quoting *N.J. Air Nat'l Guard v. FLRA*, 677 F.2d 276, 279 (3d Cir. 1982)); *see* Ala. Code § 31-2-3 (declaring that the "state military forces" include "an air national guard").  But that says nothing about whether the 187th Fighter Wing or the airmen at Dannelly Field are concurrently enlisted in the Air Force.  Perhaps for similar reasons, at least two courts have held that FTCA claims may be presented to state National Guards.  *See Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1999) (holding when a claim was presented to the Texas National Guard, the "appropriate agency" received the claim); *Columbia Gas Transmission LLC v. United States*, No. 14-cv-11854, 2015 WL 4276334, at *5 (S.D. W. Va. July 14, 2015) ("A state National Guard may be the 'appropriate Federal agency' to submit a claim to for purposes of FTCA administrative exhaustion.") (citing *Perez*, 167 F.3d at 918).  *But see Ellis v. Hanson Nat. Res. Co.*, 70 F.3d 1278, 1995 WL 710508, at *3 (9th Cir. 1995) (unpublished) (holding a state National Guard cannot receive an FTCA claim).

The D.C. Circuit reached a similar conclusion in *In re Sealed Case*, 551 F.3d 1047 (D.C. Cir. 2009).  That case involved the Privacy Act, which defines "agency"

to include "any . . . military department."  5 U.S.C. § 552(f)(1).  The court held that the Privacy Act applies to the Vermont Army National Guard.  *In re Sealed Case*, 551 F.3d at 1053.  It explained that "because it is undisputed that the Vermont Army National Guard enjoys federal recognition, it is part of the Army National Guard of the United States, which is a reserve component, which is part of the military department of the Army, which is included in the Privacy Act's definition of 'agency.'"  *Id.* at 1049.  Then-Judge Kavanaugh disputed that the entire Vermont Army National Guard is "federally recognized," but he agreed that "individual units of each state's National Guard . . . are . . . federally recognized units of the Army National Guard of the United States."  *Id.* at 1054 (Kavanaugh, J., concurring in the judgment) (emphasis omitted).

Thus, the court finds that when a claim is mailed to Dannelly Field, the claim's mailing address does not necessarily mean that the claim was not properly presented to the Air Force under the FTCA.

The United States also argues that Dannelly Field is "geographically distant" from Midland City and thus cannot be the appropriate installation to receive a claim. (Doc. # 20, at 4; *see* Doc. # 12, at 6.)  For this argument, the United States relies on federal regulations.  One is a simple instruction:  "File a claim at the base legal office of the unit or installation at or nearest to where the accident or incident occurred."  32 C.F.R. § 842.4.  The other says that "a claim shall be deemed to have been presented

when it is received by . . . the office of the Staff Judge Advocate of the Air Force installation nearest the location of the incident," or at a certain address on Joint Base Andrews in Maryland.  81 Fed. Reg. 83,687, 83,696 (Nov. 22, 2016) (cleaned up) (codified at 32 C.F.R. § 842.79).  The United States says that under these regulations, Frymark should have mailed her claim to the Alabama National Guard's Staff Judge Advocate in Montgomery,[3] to Eglin Air Force Base, or to Tyndall Air Force Base.[4] It asserts that each of those installations is closer than Dannelly Field to the scene of the accident in Midland City.  (Doc. # 12, at 6; Doc. # 20, at 3–4.)

But the United States presents no evidence about the distance from Midland City to any military base.  Nor does it mention how one is supposed to measure that distance.  (Driving or flying?  To the property line of the base or to the door of the legal office?)  Nor does it argue that the court lacks jurisdiction whenever a claim is mailed to a base that happens to be a few miles farther away than another installation. *Cf. Adams v. United States*, 615 F.2d 284, 290 (5th Cir.) (suggesting that compliance with some regulations is not jurisdictional), *clarified on denial of reh'g*, 622 F.2d 197 (5th Cir. 1980) (per curiam).

---

[3]  It is a surprise to see the United States argue that Frymark could have submitted her claim to the Alabama National Guard given its insistence elsewhere that the Alabama Air National Guard is a state agency.

[4]  The United States also says that Frymark could have submitted her claim to a legal office on Fort Rucker.  (Doc. # 12, at 6; Doc. # 20, at 4.)  But Fort Rucker is an Army base, and the Army is not the appropriate agency to receive Frymark's claim.

Finally, the United States implies that the 187th Fighter Wing cannot receive a claim because it lacks "a full-time JAG office."  (Doc. # 12-2, at 2.)  But that oddly specific fact leaves open the possibility that there is a part-time Dannelly Field legal office.  (Dannelly Field certainly has access to lawyers.)  Moreover, Frymark's claim was addressed to "Office of the JAG," and a return receipt was signed and sent back to her.  That the Air Force cannot find Frymark's SF-95 does not mean that a legal office did not receive it.  "It could have simply been misplaced after receipt or even misfiled."  *Barnett*, 283 F.3d at 1241.[5]

Simply put, given such a thin record, the court cannot establish whether it has jurisdiction over Frymark's claim.  Discovery is required.  Discovery should address jurisdictional issues, but it will not be limited to jurisdiction.  The United States may, of course, argue in a motion for summary judgment that the court lacks jurisdiction. But discovery on the merits will proceed as provided by the Federal Rules of Civil Procedure.  *Cf. Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979) ("With the facts not fully developed, a fair and conclusive resolution of the jurisdictional issue cannot be made at this stage of the proceedings.").

---

[5]  Even if Frymark should have mailed her claim to a different address, that might not be the end of the matter.  The Seventh, Eighth, and Tenth Circuits have held that if the wrong agency receives an otherwise-valid claim but does not either forward the claim to the appropriate agency or return the claim to the claimant, the court may treat the claim as properly filed. *Bukala v. United States*, 854 F.2d 201, 204 (7th Cir. 1988); *Greene v. United States*, 872 F.2d 236, 237 (8th Cir. 1989); *Hart v. Dep't of Labor ex rel. U.S.*, 116 F.3d 1338, 1341 (10th Cir. 1997); *see also Motta ex rel. A.M. v. United* States, 717 F.3d 840, 844 (11th Cir. 2013) (assuming, but not deciding, that this "constructive filing doctrine" applied to FTCA claims).

## V.  CONCLUSION

For these reasons, it is ORDERED that the motion to dismiss (Doc. # 11) is GRANTED in part and DENIED in part.  Full discovery is warranted and will proceed.

DONE this 28th day of May, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE